### WINDMULLER et al. v. STANDARD DISTILLING & DISTRIBUTING CO. et al.

(Circuit Court, S. D. New York. April 1, 1902.)

CORPORATIONS—STATUS OF STOCKHOLDERS—RIGHT TO VOTE FOR DISSOLUTION.
    A stockholder in a corporation has the right to vote for its dissolution, even though he is influenced to that course by a wish to terminate a contract beneficial to the corporation, but onerous to himself.

In Equity. On motion for preliminary injunction.

Rumsey, Sheppard & Ingalls, for the motion.
Alexander & Green, opposed.

LACOMBE, Circuit Judge. The phraseology of the contract between the Standard Company and the stockholders of the Distributing Company differs so materially from that construed in Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489, 24 L. R. A. 113, that it is not easy to see upon what theory it is contended that the dissolution of the Distributing Company would relieve the Standard Company of its obligation to pay periodically to each stockholder in such Distributing Company the stipulated amount which it expressly agreed to pay him, not during the lifetime of the company, but for the "unexpired term of the period for which it is incorporated," to wit, 50 years. Moreover, whatever defenses the Standard Company may have against such claim are equally available to it whether the Distributing Company be or be not dissolved.

Practically the whole case of the plaintiffs rests on the proposition that majority stockholders who are individually interested in the abrogation of this contract may not vote for a dissolution of the corporation, because their doing so will indirectly abrogate the contract, which minority stockholders find it for their individual interest to keep alive. If the contract be separately with each stockholder to pay him a fixed sum for a fixed term, which dissolution will not shorten, it is immaterial whether the corporation be dissolved or not. But, even if this be not so, this court is inclined to concur with Judge Kirkpatrick (Windmuller v. Standard Distilling & Distributing Co., 114 Fed. 491) in the conclusion that a majority stockholder may vote to dissolve, even if he be influenced to that course by a wish to destroy a contract beneficial to the corporation, but onerous to himself.

The motion for injunction is denied, and the stay vacated.